# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| IN RE: | Chapter 11 |
| BRENDA'S RENTALS, L.L.C., et al., | Case No.: 13-72305-CMS11 |
| Debtor. | (Jointly Administered) |
| _____ / | |
| BRENDA H. GRIFFIN; BRENDA'S RENTALS, L.L.C.; JERMAN, INC.; JERRY A GRIFFIN; JERRY'S ENTERPRISES, INC., | |
| Plaintiffs, | Adversary Proceeding No. _____ |
| vs. | From the Circuit Court of Tuscaloosa County, Alabama |
| ALABAMA ONE CREDIT UNION; BUTLER ENTERPRISES, L.L.C.; DB ENTERPRISES, LLC; DRB ENTERPRISES, LLC; AND DANNY R. BUTLER, | Case No. CV-63-2013-900835 |
| Defendants. | |
| _____ / | |

## NOTICE OF REMOVAL

**COMES NOW** Alabama One Credit Union ("AOCU"), by and through the undersigned counsel, pursuant to 28 U.S.C. § 1452(a) and Rule 9027 of Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby gives notice of the removal of this action (this "Notice of Removal") from the Circuit Court of Tuscaloosa County, Alabama, Case Number CV-63-2013-900835 to the United States Bankruptcy Court for the Northern District of

Alabama, Western Division (the "Bankruptcy Court"). In support of this Notice of Removal, AOCU states as follows:

## I. PROCEDURAL BACKGROUND

1. On July 16, 2013, plaintiffs Brenda H. Griffin, Brenda's Rentals, L.L.C., Jerman, Inc., Jerry A. Griffin and Jerry's Enterprises, Inc. (collectively, the "Plaintiffs") filed Civil Action No. CV-63-2013-900835 in the Circuit Court of Tuscaloosa County, Alabama (the "State Court Lawsuit") against, among others, AOCU, in which the Plaintiffs assert causes of action for fraudulent misrepresentation, fraudulent suppression, negligence and/or wantonness, and conspiracy.

2. On November 14, 2013 (the "Petition Date"), Plaintiffs Brenda H. Griffin, Brenda's Rentals, L.L.C., Jerry A. Griffin and Jerry's Enterprises, Inc. (collectively, the "Debtors") filed voluntary petitions for relief under chapter of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (as amended, the "Bankruptcy Code") in the Bankruptcy Court—Case No. 13-72305 (the "Brenda's Rentals Bankruptcy"), Case No. 13-72306 (the "Jerry's Enterprises Bankruptcy") and Case No. 13-72307 (the "Jerry and Brenda Griffin Bankruptcy").

3. On December 20, 2013, the Court issued an Order Granting AOCU's Motion for Joint Administration in the Brenda's Rentals Bankruptcy, Case No. 13-72305. These jointly administered bankruptcy cases (the "Bankruptcy Cases") are currently pending in the Bankruptcy Court. The Bankruptcy Cases have not been substantively consolidated.

## II. JURISDICTION

4. This Notice of Removal is filed pursuant to 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027. The bankruptcy removal statute, 28 U.S.C. § 1452(a), provides as follows:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such

governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

5. Pursuant to 28 U.S.C. § 1334, the Bankruptcy Court may exercise jurisdiction over the State Court Lawsuit based upon the existence of Debtors' Bankruptcy. Section 1334(b) provides, in relevant part, that:

> Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or *related to a case under title 11*.

28 U.S.C. § 1334(b) (emphasis added).

6. The Eleventh Circuit has held that:

> [t]he usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Matter of Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)); *see also In re E-Z Pay Services, Inc.*, 2006 WL 3230602, at *2 (Bankr. S.C. 2006); *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (quoting *Pacor*, 743 F. 2d at 994).

7. The State Court Lawsuit is related to a case under the Bankruptcy Code because it involves causes of action allegedly owed by the Debtors' bankruptcy estates against their primary secured lender, AOCU. Adjustment of these debtor-creditor relationships is central to these Bankruptcy Cases. Accordingly, this Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334(b).

3

8. Upon removal, the State Court Lawsuit will be transformed into an adversary proceeding (the "Adversary Proceeding") that constitutes a core proceeding pursuant to, *inter alia*, 28 U.S.C. § 157(b)(2)(C), (K) and (O).

9. AOCU consents to the Bankruptcy Court entering final orders and judgments in this Case.

### III. PROCEDURAL REQUIREMENTS FOR REMOVAL

10. This Adversary Proceeding is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

11. Debtors filed voluntary petitions on November 14, 2013. Accordingly, this Notice of Removal is filed within the time limit set forth in Bankruptcy Rule 9027.

12. AOCU has heretofore sought no similar relief.

13. Pursuant to Rule 9027(a)(1) of the Federal Rules of Bankruptcy Procedure, the United States Bankruptcy Court, Northern District of Alabama, Western Division, is the court and division embracing the place where this action is pending in state court.

14. Moreover, while removal under 28 U.S.C. § 1441 requires the consent of all defendants that have been served, unanimity is not required for removal under 28 U.S.C. § 1452. *See In re Plowman,* 218 B.R. 607, 616 (Bankr. N.D. Ala. 1998) ("When a case is removed under 28 U.S.C. § 1452, one defendant may remove a case without the consent of the other defendants"). *See also In re Terry Mfg. Co. Inc.*, 324 B.R. 147, 152 (Bankr. M.D. Ala. 2005) (noting that "the great weight of authority holds that unanimity is not required in a § 1452 removal").

15. True and correct copies of all process, pleadings, and orders filed in the State Court Lawsuit are filed herewith as Exhibit "A" in conformity with Federal Rule of Bankruptcy Procedure 9027.

4

16. Contemporaneously with the filing of this Notice of Removal, AOCU has filed a copy of this Notice with the clerk of the Circuit Court of Tuscaloosa County, Alabama. Written notice of the filing of this Notice of Removal has also been served upon the Plaintiffs.

17. AOCU reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

18. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of AOCU's rights to assert any defense or affirmative matter. Furthermore, nothing in this Notice of Removal shall constitute an admission of any right to relief of the Plaintiffs.

**WHEREFORE**, AOCU hereby removes the State Court Lawsuit from the Circuit Court of Tuscaloosa County, Alabama, to the United States Bankruptcy Court for the Northern District of Alabama, Western Division.

Dated this the 15th day of January, 2014.

Respectfully submitted,

/s/ Michael Leo Hall
Michael Leo Hall
Derek F. Meek

Burr & Forman LLP
420 North 20th Street
Suite 3400
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
Email: mhall@burr.com
dmeek@burr.com

*Counsel for Alabama One Credit Union*

# CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by mail, hand delivery, fax, or email on this the 15th day of January, 2014:

| | |
|---|---|
| Albert G. Lewis, III<br>Justice D. Smyth, III<br>Bryan P. Winter<br>Mary Lane L. Falkner<br>LEWIS, SMYTH, WINTER & FORD, LLC<br>611 Helen Keller Boulevard<br>Tuscaloosa, AL 35404 | Maxwell H. Pulliam<br>MAXWELL H. PULLIAM, LLC<br>301 North 19th Street<br>The Kress Building, Suite 519<br>Birmingham, AL 35203 |
| Andrew Smithart<br>3927 Versailles Lane<br>Tuscaloosa, AL 35406 | Bobby H. Cockrell, Jr.<br>1409 University Boulevard<br>Tuscaloosa, AL 35401 |
| Mary Lane L Falkner<br>Lewis, Smyth & Winter, P.C.<br>611 Helen Keller Blvd.<br>Tuscaloosa, AL 35404<br>marylane@lswattorneys.com | Joseph E. Bulgarella<br>Bankruptcy Administrator<br>United States Bankruptcy Court<br>Northern District of Alabama<br>2005 University Boulevard<br>Suite 1300<br>Tuscaloosa, AL 35401<br>joe_bulgarella@alnba.uscourts.gov |
| Robertson Banking Company<br>c/o Robert P. Reynolds, Esq.<br>Reynolds, Reynolds & Little, LLC<br>P. O. Box 2863<br>Tuscaloosa, AL 35403-2863<br>rreynolds@rrllaw.com | Capstone Bank<br>c/o Robert P. Reynolds, Esq.<br>Reynolds, Reynolds & Little, LLC<br>P. O. Box 2863<br>Tuscaloosa, AL 35403-2863<br>rreynolds@rrllaw.com |
| S. Dagnal Rowe, Esq.<br>Wilmer & Lee, P.A.<br>Attorney for Ford Motor Credit Company<br>P. O. Box 2168<br>Huntsville, AL 35804<br>drowe@wilmerlee.com | |

/s/Michael Leo Hall
OF COUNSEL